# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| MICHAEL P. DUNSMORE,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, et al.,<br><br>Defendants. | Cause No. CV 10-00031-H-DWM-RKS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Pending are Plaintiff Michael P. Dunsmore's Motion for Leave to Proceed in Forma Pauperis (Court Doc. 1), proposed Complaint (Court Doc. 2), and his "Objection of the filing of 42 U.S.C. § 1983 in the same court as the named Defendants." (Court Doc. 4).

This action presents a controversy over whether the Defendants, acting under color of state law, violated Mr. Dunsmore's federal constitutional rights and subjecting Defendants to liability under 42 U.S.C. § 1983.  Accordingly, the case presents a federal question over which the Court possesses jurisdiction pursuant to 28 U.S.C. § 1331.

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DISMISS COMPLAINT–CV-10-00031-H-DWM-RKS / PAGE 1

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Dunsmore submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. §1915(a). Therefore, the request to proceed in forma pauperis will be granted.

Pursuant to 28 U.S.C. § 1915(b)(1) Mr. Dunsmore is required to pay the statutory filing fee of $350.00.  Mr. Dunsmore has insufficient funds to pay the initial partial filing fee but he will be required to make monthly payments of 20 percent of the preceding month's income credited to his institutional account.  By separate order, the agency having custody of Mr. Dunsmore will be directed to forward payments from Mr. Dunsmore's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.  MOTION FOR RECUSAL

Mr. Dunsmore's "Objection of the filing of 42 U.S.C. § 1983 in the same court as the Named Defendants" (Court Doc. 4) is construed as a motion for recusal seeking to remove both Magistrate Judge Strong and District Court Judge Molloy from presiding over this matter.

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DISMISS COMPLAINT–CV-10-00031-H-DWM-RKS / PAGE 2

Mr. Dunsmore named both Judges Strong and Molloy as Defendants in the case style but neither Judge is mentioned in the body of the Complaint and no allegations are brought against these Judges.

Pursuant to 28 U.S.C. § 455(b)(5)(i), a judge "shall recuse himself" when he is a party to an action.  This requirement, however, is not absolute.  In order to avoid gamesmanship by litigants, a plaintiff may not file frivolous actions against a judge only then to move to disqualify the judge based on that action.  *See United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986).  Similarly, "even when the judge is initially named in a lawsuit, where the allegations are so palpably lacking in merit and integrity, the judge may, and should remain in the case to deal with the spiteful plaintiff." *Mellow v. Sacramento County*, 2008 WL 2169447, at *3 (E.D. Cal. May 23, 2008).  Otherwise, courts could be abused at the behest of litigants.

Mr. Dunsmore has filed multiple motions to recuse both Judge Molloy and myself in other actions filed in this Court.  Since he has stated no claims against Judge Molloy or myself, it appears Mr. Dunsmore simply named us to attempt to disqualify us.  Moreover, as

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DISMISS COMPLAINT–CV-10-00031-H-DWM-RKS / PAGE 3

set forth below, Mr. Dunsmore's claims are so lacking in merit and integrity that the motion to recuse will be denied as it pertains to me. Judge Molloy can make his own determination on the motion as it pertains to him in his ruling on these Findings and Recommendations.

## III.  STATEMENT OF CASE

### A.   Parties

Mr. Dunsmore is a state prisoner incarcerated at Montana State Prison in Deer Lodge, Montana.

Mr. Dunsmore names the State of Montana, Corrections Corporation of America, Judge Keith Strong, Judge Molloy, and Warden Mike Mahoney.

### B.   Allegations

Mr. Dunsmore alleges that on June 1, 2010, he was moved from Crossroads Correctional Center to the reception unit at Montana State Prison where inmates are housed for 60 plus days in a reception orientation.  Mr. Dunsmore alleges this move was done to isolate him from all his legal records, legal filings, legal addresses, and correspondence.  He alleges he has limited writing (envelopes and

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DISMISS COMPLAINT—CV-10-00031-H-DWM-RKS / PAGE 4

paper) supplies having received only five envelopes and ten sheets of paper.  He states he can request more in 30 days.  He contends this is a conspiracy to keep him away from seven legal actions he has pending and he is being denied his Fourteenth Amendment due process rights.

Mr. Dunsmore seeks monetary damages for each case obstructed by the State of Montana, he wants to be moved to the low side of the prison where he can receive the orthopedic needs which are not met on the high side.  He requests that when he is transported to any court hearings his bed be held open for his return and continued occupancy all legal materials be brought to him at MDIU until arrangements can be made for his move to the low side as soon as possible.  He seeks the necessary writing and mailing supplies be provided for his legal pursuits of justice.

## IV.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

### A.  Standard

As Mr. Dunsmore is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.  Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of

a pro se prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (quotation omitted).

Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). This "plausibility standard" is guided by "[t]wo working principles." Iqbal, 129 S.Ct. at 1949. First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. "Second, only a complaint that states a plausible claim for relief

survives" and "[d]etermining whether a complaint states a plausible claim for relief will, . . . , be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Cf.* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez, 203 F.3d. at 1127 (*quoting* Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).

## B. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See* West v. Atkins, 487 U.S. 42, 48 (1988).

Mr. Dunsmore alleges he is being denied access to the courts. Pursuant to the Fourteenth Amendment due process clause, inmates have a "fundamental constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 828 (1977). That access must be "adequate, effective, and meaningful." Id. at 822. To show a violation of this right to access to the courts, an inmate must demonstrate "actual injury," in that there was a "specific instance" in which they were denied access. Sands v. Lewis, 886 F .2d 1166, 1171 (9th Cir. 1989); see also Lewis v. Casey, 518 U.S. 343, 349 (1996). "The injury requirement is not satisfied by just any type of frustrated legal claim"; prisoners have a right to access to the courts only in relation to direct appeals from the convictions for which they were incarcerated, habeas petitions,

or civil rights actions challenging the conditions of their confinement. Casey, 518 U.S. at 354-55. This right of access to the courts "guarantees no particular methodology but rather the conferral of a capability-the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Id. at 356. Moreover, the right of access to courts is only a right to bring complaints to federal court and not a right to the discovery of such claims or to litigate them effectively once filed with a court. See Lewis, 518 U.S. at 354-55.

    Prisons have an obligation to provide photocopies, ink pens, etcetera, where such services or materials are necessary to filing an action or appeal. See Hiser v. Franklin, 94 F.3d 1287, 1294 n.6 (9th Cir. 1996); Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007)(refusal to allow prisoner to comb-bind his petition to the United States Supreme Court violated prisoner's First Amendment right of access to the court), vacated on other grounds by Pearson v. Callahan, 129 S.Ct. 808 (2009). But to have standing essential to assert a denial of access to the courts, an inmate must show "actual injury," which means the

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DISMISS COMPLAINT–CV-10-00031-H-DWM-RKS / PAGE 9

inmate must demonstrate that official acts or omissions "hindered his efforts to pursue a [non-frivolous] legal claim." Lewis, 518 U.S. at 353 n 3.

Mr. Dunsmore has made no showing of actual injury in this matter. While he suspects the move was an attempt to keep him away from his pending litigations, he has presented no facts to support that conclusion. Moreover, Mr. Dunsmore has filed three actions in this Court alone since June 1, 2010. He filed ten pages in this action, 37 pages in Civil Action 10-CV-36-H-DWM-RKS, and 35 pages in Civil Action 10-CV-37-H-DWM-RKS. Mr. Dunsmore's allegations that the move to Montana State Prison has hindered his litigation activity is simply not plausible in light of his filings since the date of that move.

## IV.  CONCLUSION

### A.    Leave to Amend

Mr. Dunsmore failed to state a claim upon which relief may be granted. It would be futile to give Mr. Dunsmore an opportunity to amend to allege an actual injury given the finding that Mr. Dunsmore's litigation activities have not been hindered. If there is any plausible

evidence of actual injury, Mr. Dunsmore may raise that in his objections. These are not defects which could be cured by further amendment. As such, Mr. Dunsmore's Complaint should be dismissed.

### B. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The Court should designate this case as a "strike" under this provision because Mr. Dunsmore fails to state a claim upon which relief may be granted.

### C. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
    (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in

writing its reasons for the certification or finding;

Fed. R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  The good faith standard is an objective one.  *See* *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous."  *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445).  For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact.  *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).  "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit."  *Walker v. O'Brien*, 216 F.3d 626, 631 (9th Cir. 2000).

Mr. Dunsmore's failure to state a federal claim is so clear no reasonable person could suppose an appeal would have merit.  Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

**D. Address Changes**

At all times during the pendency of this action, Mr. Dunsmore SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Mr. Dunsmore has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

### ORDER

1. Mr. Dunsmore's Motion for Leave to Proceed in forma pauperis (Court Doc. 1) is **GRANTED.** The Clerk of Court shall waive prepayment of the filing fee.

2. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is

**DEEMED FILED** on June 16, 2010.

3. Mr. Dunsmore's Motion for Recusal (Court Doc. 4) is **DENIED IN PART** as it pertains to the undersigned.

Further, the Court issues the following:

## RECOMMENDATIONS

1. Mr. Dunsmore's Complaint should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Dunsmore failed to state a claim upon which relief may be granted.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DISMISS COMPLAINT–CV-10-00031-H-DWM-RKS / PAGE 14

record makes plain that Mr. Dunsmore's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Dunsmore may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DISMISS COMPLAINT–CV-10-00031-H-DWM-RKS / PAGE 15

Fed.R.App.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 16th day of July, 2010.

                                       */s/ Keith Strong*
                                       Keith Strong
                                       United States Magistrate Judge