

FILED
AUG 10 2010
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| MICHAEL P. DUNSMORE, | ) | CV 10-31-M-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| STATE OF MONTANA, et al. | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Michael P. Dunsmore, proceeding pro se, brought this action under 42 U.S.C. § 1983 alleging Defendants denied him access to the Courts. Pursuant to 28 U.S.C. § 636(b), the matter was referred to Magistrate Judge Strong, who issued Findings and Recommendation on July 16, 2010, recommending that Dunsmore's complaint be dismissed with prejudice. Dunsmore timely objected to the Findings and Recommendation on August 2, 2010, and is therefore entitled to

1

*de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1).

Before reaching Dunsmore's objections, the Court must address Dunsmore's June 29, 2010 motion entitled "Objection of the filing of 42 U.S.C. § 1983 in the same court as the Named Defendants." (Dkt # 4.) The motion seeks removal of Magistrate Judge Strong and myself from presiding over this matter. Judge Strong already denied the motion as it pertains to him.

"[A] plaintiff may not file frivolous actions against a judge only then to move to disqualify the judge based on that action." Findings and Recommendation 3 (citing United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986)). Here, Dunsmore named me in the complaint without any corresponding allegations. It thus appears naming me in the complaint was little more than an attempt at gamesmanship. Accordingly, and congruent to the findings of Judge Strong on this matter, Dunsmore's motion to recuse is denied as it pertains to me.

As to Dunsmore's claim for denial of access to the courts, Judge Strong found such a claim requires a showing of actual injury and Dunsmore failed to make such a showing. Judge Strong also noted actual injury is unlikely considering Dunsmore's regular and sizable filings with the Court.

Dunsmore does not object to either the law or application of the facts that

support Judge Strong's conclusion. Instead, he throws out a blanket objection that the Court constantly misrepresents the law and facts in his cases. He does not, however, identify any examples of the Court doing so. The Court finds no misrepresentation of the law or facts in Judge Strong's Findings and Recommendation. Nor does the Court find any clear error.

Accordingly,

IT IS HEREBY ORDERED that Dunsmore's Motion for Recusal (dkt #4) is DENIED;

IT IS FURTHER ORDERED that the Findings and Recommendations (dkt # 5) are adopted in full. In accordance with those recommendations, IT IS ORDERED:

1. Dunsmore's Complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. The Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court shall have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Dunsmore failed to state a claim upon which relief may be granted.

4. The Clerk of Court shall have the docket reflect that the Court

certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

Dated this 10th day of August, 2010.

                                                Donald W. Molloy, District Judge
                                                United States District Court